IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ R. SANTIAGO-SANTIAGO; RAFAEL SANTIAGO-RIVERA; AND ROSA M. SANTIAGO-SANTIAGO<br><br>PLAINTIFFS<br><br>Vs.<br><br>ADP, INC.; INSURANCE COMPANY "A" and "B"<br><br>DEFENDANTS | CIVIL NO.:<br><br><br>PLAINTIFF DEMAND TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW, the plaintiffs, through the undersigned attorney, and very respectfully allege, state and request:

### I. NATURE OF THE CASE

1. This is an action in torts, for damages, under Puerto Rico Civil Code, Article 1802, 31 L.P.R.A. Sec. 5141, et. seq.

### II. JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. Sec. 1332, inasmuch as there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy, exclusive of

costs and interests, exceeds seventy-five thousand dollars ($75,000.00).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(a) since the claims alleged arose in this judicial district.

### III. JURY TRIAL DEMAND

4. The plaintiffs request a jury trial for all triable issues.

### IV. THE PARTIES

5. The plaintiffs are José R. Santiago-Santiago, Rafael Santiago-Rivera and Rosa M. Santiago-Santiago, all of them of legal age, citizens of the United States of America and residents of and with domicile in Peñuelas, Puerto Rico.

6. The Defendants are ADP, Inc. and Insurance Companies "A" and "B".

7. ADP, Inc. is a corporation incorporated and organized in the State of Delaware and has their principal place of business in the State of New Jersey.

8. ADP, Inc. conducted, either by itself, or through its agents, business transactions within Puerto Rico, and it also participated, either by itself or through its agents, within Puerto Rico in the commission of the tort object of this complaint.

9. Defendant Insurance Company "A" and "B" are corporations organized, and which has their principal place of business in a State other that the Commonwealth of Puerto Rico, and which had issued an insurance policy on behalf of ADP, Inc. which policy covers for its liability under a factual situation such as the one alleged in this complaint.

10. Defendant Insurance Companies "A" and "B" are designated with a fictious name because their rue name is not known at this time.

## V. GENERAL ALLEGATIONS

11. On July 18, 2013, approximately at 9:30 PM, José R. Santiago-Santiago, of 35 years of age, was off his car on Road number 2, Kilometer 221.1 in Ponce, Puerto Rico, attending a minor car accident he had with another vehicle.

12. Suddenly, when he was going to step into his car to move it, he was struck by Mr. Roberto Rodríguez, an employee of the defendant ADP, Inc. who was driving his company car under the influence of alcohol. An alcohol test was administered to Mr. Rodríguez, showing that he had .173% of alcohol in his system.

13. The company car Mr. Rodríguez was driving was a Ford Fusion, license plate HYY-926, owned by defendant

ADP, Inc. Said car was operated by Mr. Rodríguez with the knowledge and permission of the owner, ADP, Inc.

14. Right after the accident, plaintiff was transported in ambulance to Damas Hospital in Ponce, from where, due to his critical condition, was taken by an "Aviane" helicopter to Puerto Rico Medical Center trauma emergency room. In Puerto Rico Medical Center he was hospitalized for almost two months.

15. Once discharged, Mr. Santiago-Santiago was transferred to Millennium Institute for Advanced Nursing Care on August 27, 2013. He was discharged home on September 10, 2013. At home, Mr. Santiago-Santiago received treatment form St. Luke's Home Care to continue rehabilitation three times a week.

16. Defendant ADP, Inc. negligence and fault was the adequate cause of the aforementioned accident due to:

A. Its authorized person driving a company car, speeding and under the influence of alcohol (.173%), percentage way beyond the limits established by law.

B. Its authorized person's careless and reckless driving.

C. Its authorized person's lack of precaution and failure to take preventive measures to avoid the accident.

17. Defendants Insurance Companies "A" and "B" are directly jointly and severally liable to the Plaintiffs for all the damages caused to them as a result of the above.

## VI. CAUSES OF ACTION

### 1. First Cause of Action

18. All the paragraphs stated herein above are literally incorporated herein and are made part of this paragraph.

19. As a direct consequence of the facts described above, the plaintiff Jose R. Santiago-Santiago suffered severe damages and his life, in matter of seconds, changed dramatically.

20. As a direct result of the accident, plaintiff José Santiago-Santiago remained paraplegic.

21. Also, as a direct result of the accident, plaintiff José Santiago-Santiago, besides being paraplegic, had multiple rib fracture with hemopneumothorax bilateral; right tibia and fibula fracture; patella lateralization; abrasions; lower thoracic vertebral fracture; sacral pressure ulcer; right knee pressure ulcer; was hospitalized for approximately two months in intensive care unit; remained approximately 20 days in coma; had a T-10 laminectomy; has problems with

his digestive system and urinary system; has erectile dysfunction; and is confined to a wheel chair for the rest of his life, among others.

22. As a direct result of the accident, José Santiago-Santiago has 73% whole person impairment.

23. As a direct result of the accident, and the damages stated above, José Santiago-Santiago have limited his capacity to perform most of his life's activities and to be permanently disabled of his general physiological functions. He is unable to move his legs; has no sensation from the waist down; has bladder incontinence; bowel incontinence; and is unable to have intimacy.

24. Due to the accident, José Santiago-Santiago received medical treatment and care through the "Administación de Compensación por Accidentes de Automobiles" (ACAA), under case number 12-208202-01.

25. The plaintiff José Santiago-Santiago is entitled to receive full, just and fair compensation for these damages, in a money amount of no less than **SEVEN MILLION DOLLARS ($7,000,000.00).**

   **2.   Second Cause of Action**

26. All the paragraphs stated herein above are literally incorporated herein and are made part of this paragraph.

27. As a direct result of the physical injuries and permanent disabilities stated above, the plaintiff Jose R. Santiago-Santiago has sustained the loss of his capacity to engage in his life activities and to enjoy life.

28. As of today, plaintiff José R. Santiago-Santiago takes his daily bath outside his house with a hose, because the bathroom is in another level.

29. As a direct result of the above, the plaintiff Jose R. Santiago-Santiago has suffered, is suffering and will continue to suffer severe mental, psychological, moral and emotional pain, anguish and distress.

30. The plaintiff Jose R. Santiago-Santiago is entitled to receive full, just and fair compensation for the above stated damages, in a money amount of no less than **THREE MILLION DOLLARS ($3,000,000.00)**.

### 3. Third Cause of Action

31. All the paragraphs stated herein above are literally incorporated herein and are made part of this paragraph.

32. As a direct result of the above, the plaintiff Jose R. Santiago-Santiago will need, for the rest of his life special care and needs due his paraplegic condition. Including but not limited to, a new home with access to

disabled; special car; wheel chairs; special beds; diapers; medicines; and medical equipment, among others.

33. Plaintiff Jose R. Santiago's life care plan due to his condition is estimated in a sum not less than **THREE MILLION DOLLARS ($3,000,000.00)**.

### 4. Fourth cause of action

34. All the paragraphs stated herein above are literally incorporated herein and are made part of this paragraph.

35. As a direct result of the above, the plaintiff Jose R. Santiago-Santiago, who at the time of the accident was a security guard, is unable to continue working due to his medical condition.

36. Plaintiff Jose R. Santiago's lost profit is estimated in a sum not less than **FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)**.

### 5. Fifth cause of action

37. All the paragraphs stated herein above are literally incorporated herein and are made part of this paragraph.

38. As a direct result of the above, José Santiago's parents, Rafael Santiago-Rivera and Rosa M. Santiago-Santiago has suffered, are suffering and will continue to suffer severe mental, psychological, moral and emotional

pain, anguish and distress for seeing in the conditions their son is living. They are entitled to receive full, just and fair compensation for the above stated damages, in a money amount of no less than **THREE HUNDRED THOUSAND DOLLARS ($300,000.00)**.

39. Due to the accident and the conditions of José Santiago-Santiago, his parents, Rafael Santiago-Rivera and Rosa M. Santiago-Santiago made improvements to their house for José's benefit. The improvements done to the house and the ones needed to be done are estimated in a sum not less than **TWO HUNDRED THOUSAND DOLLARS ($200,000.00)**

## VII. TEMERITY

40. The paragraphs stated hereinbefore are literally incorporated herein and are made part of this paragraph.

41. In the event that the Defendants deny responsibility for the damages claimed herein, due to such and obstinate and temerarious denial, the Plaintiffs would then be entitled to an award of prejudgment and post-judgment interest, to be computed from the amount finally adjudged to her, plus a reasonable amount for attorney's fees.

## VIII. PRAYER FOR RELIEF

**WHEREFORE,** it is respectfully requested that Judgment be entered by this Honorable Court in favor of the

Plaintiffs and jointly and severally against the Defendants:

A. Granting the Plaintiffs all the sums requested in this complaint;

B. Imposing upon the Defendants the payment of all costs and expenses to be incurred in this lawsuit;

C. Granting the Plaintiffs any other relief that they may be entitled to as a matter of law; and

D. In the event Defendants deny liability, awarding Plaintiff pre-judgment interests, plus a reasonable amount for attorney's fees.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico this 11th day of July, 2014.

s/ Juan M. Cancio Biaggi

JUAN M. CANCIO BIAGGI
USDC-PR #229811
Hato Rey Center
268 Ave. Ponce De León
Suite 1402
San Juan, P.R. 00918
Tel: (787)763-1211
Fax: (787)763-1215
Email: jm@canciobiaggi.com